[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Dion Heath appeals his conviction for possession of cocaine, a violation of R.C. 2925.11(A) and a second-degree felony. After a bench trial, the trial court found Heath guilty and sentenced him to two years in prison.
{¶ 3} On appeal, counsel for Heath has filed a brief in accordance with Anders v. California,[1] stating that counsel has conscientiously reviewed the record and can discern no reversible errors in the trial proceedings. Consequently, counsel has sought to withdraw from representation and requests that this court, consistent with Anders, independently review the record to determine whether the proceedings below were free from prejudicial error. Heath, acting pro se, raises the following points: (1) that his trial counsel was ineffective because he did not discover all relevant facts, did not call more defense witnesses during the trial, and did not demand DNA or fingerprint testing on the bag of drugs linked to Heath; (2) that there was no probable cause for the police either to enter the apartment or to search through a pile of clothing for the bag of drugs, and (3) that the state presented no evidence linking the drugs to Heath.
{¶ 4} Keeping in mind Heath's concerns, we have reviewed the entire record. We are satisfied that Heath's counsel has provided his client with a diligent and thorough search of the record, and that he has correctly concluded that the proceedings below were free of prejudicial error.
{¶ 5} We conclude that all of Heath's concerns are completely without merit and that the appeal is wholly frivolous. Therefore, we overrule counsel's motion to withdraw and affirm the judgment of the trial court.
{¶ 6} Although we hold that this appeal is frivolous under App.R. 23 and without "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Heath because he is clearly indigent.
{¶ 7} Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.
[1] (1967), 386 U.S. 738, 37 S.Ct. 1396.